UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:05-cv-1585-RLY-VSS |
| ) | |
| STATE OF INDIANA, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Plaintiff's Motion for Class Certification**

Plaintiff Kevin Brown has filed a motion for class certification. The proposed class consists of "all residents of Marion County, the Consolidated City of Indianapolis, or traveling intra-County, who are or may be in the future parents, or custodians, or guardians of children, and who are attracted to minors ('pedophiles')."

Rule 23(a) of the *Federal Rules of Civil Procedure* establishes four prerequisites for class certification: "(1) [that] the class is so numerous that joinder of all its members is impracticable, (2) [that] there are questions of law or fact common to the class, (3) [that] the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) [that] the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a).  Class certification is not appropriate unless the named plaintiff establishes all four prerequisites. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982).

Due process mandates that the fourth requirement--competent representation--be "stringently applied," because "members of [a] class are bound [by the judgment in a class action suit] unless they exercise their option to be excluded, even though they may not be actually aware of the proceedings." *Albertson's, Inc. v. Amalgamated Sugar Co.*, 503 F.2d 459, 463-64 (10th Cir. 1974); *Michigan v. Art Capital Corp.*, 612 F. Supp. 1421, 432 (S.D.N.Y. 1985). Adequacy of representation is measured by a two-pronged test: there must be an "absence of . . . potential conflict between the named plaintiffs and the absent class members," and "the parties' attorneys [must] be qualified, experienced, and generally able to conduct the proposed litigation." *Margolis v. Caterpillar, Inc.*, 815 F. Supp. 1150, 1157 (C.D.Ill. 1991).

Mr. Brown meets neither prong. First, he is a member of the class he seeks to represent, and courts have held that "the potential for conflicts of interest militates against certifying a class in which the class representatives seek to also act as class counsel." *Loden v. Edgar*, 1994 WL 97726, at *1 (N.D.Ill. Mar. 22, 1994); *see also Wagner v. Taylor*, 836 F.2d 578, 595-96 & n.126 (D.C.Cir. 1987). Second, the plaintiff is a *pro se* litigant, states that he is unable to "finance class counsel from his personal resources" and does not have the training necessary to represent the class adequately. *See Lasley v. Godinez*, 833 F. Supp. 714, 715 n.1 (N.D.Ill. 1993) (pro se prisoners could not adequately represent class of  inmates); *Turner-El v. Illinois Bd. of Education*, 1994 WL 27874, at *1  (N.D.Ill. Jan. 31, 1994) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are

reluctant to certify a class represented by a pro se litigant.") (citations omitted) (*citing Phillips v. Tobin*, 548 F.2d 408, 413-14 (2d Cir. 1976); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D.Wis. 1983)). The court does not view the plaintiff's accompanying request for the appointment of counsel pursuant to Local Rule 4.1 as a means of remedying this deficiency, for that Rule was never intended to operate in this fashion.

On the basis of the foregoing, therefore, the plaintiff's motion for class certification is **denied.**

**IT IS SO ORDERED**.

Date: 02/02/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kevin Brown
770 Haugh Street
Indianapolis, IN 46222

Cynthia De Nardi Ipsen
INDIANA STATE ATTORNEY GENERAL
cynthia.ipsen@atg.in.gov

Kirk Robert Jocham
HALL RENDER KILLIAN HEATH & LYMAN
kjocham@hallrender.com

Kathryn Lynn Morgan
INDIANA STATE ATTORNEY GENERAL
Kathryn.Morgan@atg.in.gov

Christopher L. Riegler
HALL RENDER KILLIAN HEATH & LYMAN
criegler@hallrender.com

Inge Myriam Van Der Cruysse
CHILD ADVOCATES INC.
inge@childadvocates.net

Kelly Jean Whiteman
OFFICE OF CORPORATION COUNSEL
kjwhitem@indygov.org

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov