UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KEVIN BROWN,<br>           Plaintiff, | )<br>)<br>) | |
| vs. | ) | No. 1:05-cv-1585-RLY-VSS |
| CONSOLIDATED CITY OF<br> INDIANAPOLIS, et al., | )<br>)<br>)<br>) | |
|            Defendants. | ) | |

**Entry Discussing Pending Motions**

For the reasons explained in this Entry, the defendants' motions to dismiss and for judgment on the pleadings must be **granted.**

**Background**

Kevin Brown ("Brown") alleges in this action that he was injured by Federal, State, County and City employees investigating allegations regarding his fitness as a custodial parent of his minor child. Brown contends there was a conspiracy to remove his minor child from his home March 7, 2005. He claims the conspiracy included, but was not limited to the "CHINS" (Children in Need of Services) proceedings in Marion County Superior Court, Juvenile Division. The CHINS proceeding was to determine whether probable cause existed to remove the child from the home and to believe that the child was in need of services. Further, Brown claims he was damaged because the CHINS proceeding could not be removed to federal court. Finally, Brown seeks relief against various media companies and private-party contractors.

The defendants who remain in the action and who have appeared in the action are the following: Marilyn Moores, Judge of the Marion Superior Court, Juvenile Division; the City of Indianapolis; Indiana Attorney General Steve Carter; the Justices of the Indiana Supreme Court--Randall T. Shepard, Brent E. Dickson, Frank Sullivan, Theodore R. Boehm, and Robert D. Rucker; Tracy Strong, Caseworker for the Marion County Office of Family and Children; Peggy Surbey, Supervisor for Marion County Office of Family and Children; the National Center for Missing and Exploited Children; Child Advocates, Inc.; and Indiana Governor Mitch Daniels. The remaining defendants who have not appeared in the action are the National Broadcast Corporation, the Columbia Broadcast System, the Fox Broadcasting Network, and Michael Savage. There are no claims against this last cluster of defendants, however, which is evident from Brown's filing of March 13, 2006 (stating "All Defendants in this suit have responded to the complaint with [an] answer or motion to dismiss, or have been dismissed from suit.").

As used further in this Entry, "Brown" refers to plaintiff Kevin Brown, "NCMEC" refers to the National Center for Missing and Exploited Children, "CHINS" refers to Child in Need of Services, "MCOFC" refers to the Marion County Office of Family and Children, the "CHINS proceeding" refers to *In Re the Matter of M.B.*, No. 49D 0503-JC-9027, and the "State defendants" refers to Indiana Attorney General Steve Carter, Indiana Governor Mitch Daniels, the Justices of the Indiana Supreme Court, Peggy Surbey and Tracy Strong.

The defendants who have appeared in the action have filed either a motion to dismiss for failure to state a claim upon which relief can be granted or a motion for judgment on the pleadings. A motion to dismiss under Rule 12(b)(6) of the *Federal Rules of Civil Procedure* challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Sanville v. McCaughtry,* 266 F.3d 724, 732 (7th Cir. 2001). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page,* 291 F.3d 485, 486 (7th Cir. 2002). Nevertheless, the court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim [nor does it] assign any weight to unsupported conclusions of law." *LeBlang Motors, Ltd. v. Subaru of Am., Inc.,* 148 F.3d 680, 690 (7th Cir. 1998) (internal citations and quotations omitted). A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss. *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997). Thus, a motion for judgment on the pleadings takes all facts as alleged in the complaint and contends that the movant is entitled to a substantive judgment as a matter of law. *Rooding v. Peters,* 92 F.3d 578 (7th Cir. 1996) (*citing Alexander v. City of Chicago,* 994 F.2d 333, 335 (7th Cir. 1993)).

The motions filed by the defendants which are pending at this point are the following:

Motion to dismiss and abstain under *Younger v. Harris,* filed by Child Advocates, Inc. (Docket no. 38)

Motion for judgment on the pleadings, filed by defendants City of Indianapolis and Moores (Docket No. 41)

Motion to dismiss for lack of jurisdiction, filed by state defendants (Docket No. 43)

Motion to dismiss, filed by the National Center for Missing and Exploited Children (Docket No. 77)

Brown has opposed certain of the motions as to both reasoning and result, while he has opposed other motions only as to reasoning but not as to result.

In addition to the motions filed by the defendants, Brown has filed a motion for a temporary restraining order and a motion for a preliminary injunction.

**Discussion**

"[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris,* 401 U.S. 37, 45 (1971). The principles supporting this rule were explained in *W.C.M. Window Co. v. Bernardi,* 730 F.2d 486, 490 (7th Cir. 1984):

> The *Younger* doctrine is based on, and its contours established by, two principles of equity jurisprudence. The first is that an injunction is an extraordinary remedy, rarely available as a matter of right and never more extraordinary than when, if granted, it would prevent government officials from proceedings under a statute founded on important state interests against a violator of the statute; such an injunction would offend comity and federalism. The second principle is that an injunction will not be issued when the plaintiff has an adequate remedy at law, which he does if he can assert the ground on which he seeks an injunction as a defense to the very proceeding that the injunction would put a stop to.

Additionally, the Seventh Circuit has explained:

> The Supreme Court has emphasized that federal proceedings are no substitute for an appeal. *See Huffman v. Pursue, Ltd.,* 420 U.S. 592, 609, 43 L. Ed. 2d 482, 95 S. Ct. 1200 (1975). It has also noted that a state litigant should be expected to utilize the ancillary proceedings permitted by state law to obtain an adjudication of the constitutional issue. *See Juidice v. Vail,* 430 U.S. 327, 337, 51 L. Ed. 2d 376, 97 S. Ct. 1211 n.14 (1977) (noting that an extant order of contempt was subject to a motion to vacate and, with respect to its penalties, a stay or a temporary restraining order).

*Arkebauer, v. Kiley,* 985 F.2d 1351, 1360 n.10 (7th Cir. 1993). In *Barichello v. McDonald,* 98 F.3d 948, 954 (7th Cir. 1996), the Court of Appeals explained that *Younger* has "come to mean that absent unusual circumstances, a federal court must refrain from entertaining injunctive relief which might interfere with the officers or judicial process of state courts and administrative agencies when important state interests are involved."

Brown's young child is the subject of a CHINS proceeding in Marion County. The CHINS proceeding is identified as *In Re the Matter of M.B.*, No. 49D 0503-JC-9027. Child Advocates, Inc., is a not for profit organization. By conducting interviews and other information-gathering, it forms and makes recommendations as to what early and other placement is in a child's best interests. It performed that role in the case of Brown's child, who is with his maternal grandmother at present. The CHINS proceeding involving Brown's child has not been concluded. Judge Moores was assigned to the CHINS proceeding for a period of time, but recused herself from the case on November 11, 2005.

"The *Younger* abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state

3

interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden,* 281 F.3d 661, 666 (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 436-37 (1982), and *Majors v. Engelbrecht,* 149 F.3d 709, 711 (7th Cir. 1998)). In this case, each of the elements necessary to apply the *Younger* abstention doctrine are present.

- First, the CHINS proceeding, which is judicial in nature, is pending.

- Second, the CHINS proceeding implicates important State interests in allowing the State to protect the welfare of its children. IND. CODE §§ 31-34-1-1 *et seq.*; *Newman v. State of Indiana,* 129 F.3d 937, 939 (7th Cir. 1997).

- Third, the CHINS proceeding includes an adequate opportunity for Brown to raise his constitutional arguments as defenses under Indiana and federal law. It does not matter whether Brown has actually presented these challenges in state court. Brown is aware of the CHINS proceeding and is a party to it, and in fact is represented by counsel in that proceeding. He is participating in it or has the opportunity to do so, and has the further opportunity of redress through the appellate courts of Indiana if he is dissatisfied with the outcome of the proceeding in the trial court. "[W]hen a litigant has not attempted to present his federal claims in related state court proceedings, a federal court should assume that the state procedures will afford an adequate remedy." *Penzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987). Brown has the burden of showing that the CHINS proceeding does not provide an adequate remedy for his federal claims. See *31 Foster Children v. Bush,* 329 F.3d 1255, 1279 (11th Cir. 2003). "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." *Id.* (quoting *Middlesex,* 457 U.S. at 431) (emphasis in original). Thus, a federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *31 Foster Children,* 329 F.3d at 1279 (quoting Pennzoil, 481 U.S. at 15).

- Fourth, an exception to *Younger* exists when the state proceeding is conducted in bad faith or is motivated by a desire to harass. *Crenshaw v. Supreme Court of Ind.,* 170 F.3d 725, 729 (7th Cir. 1999). But conclusory assertions of bias or harassment are insufficient to bring the bad faith exception into play. *Id.* at 729; Pincham v. Judicial Inquiry Bd., 872 F.2d 1341, 1349 (7th Cir.1989). Rather, a party claiming that extraordinary circumstances make abstention inappropriate must demonstrate the existence of those circumstances. *Green,* 281 F.3d at 667; *Ramsden v. AgriBank, FCB,* 214 F.3d 865, 871 (7th Cir. 2000). Here, however, Brown has not shown that extraordinary circumstances exist that make abstention inappropriate.

Although abstention is considered "the exception and not the rule," *City of Houston v. Hill,* 482 U.S. 451 (1987), the circumstances reviewed above demonstrate that the court should **abstain** from reviewing the merits of Brown's claims challenging the validity, the basis, or

the course of the CHINS proceeding. Accordingly, Brown is not entitled to injunctive relief with respect to the CHINS proceeding. Similarly, he is not entitled to broader injunctive relief regarding the enforcement of Indiana's statutes on the subject matter of his claims, because the sole impact of those statutes on him is through the CHINS proceeding. He thus lacks standing to challenge the statutes from any other perspective.

Even if *Younger* abstention did not bar Brown's challenge to the CHINS proceeding, an alternative basis exists compelling the same conclusion. The Supreme Court in *Ankenbrandt v. Richards,* 504 U.S. 689 (1992), reaffirmed the "domestic relations exception" to exercising diversity jurisdiction and noted that this exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *See id.*, 504 U.S. at 703-06. The Court further explained in *Ankenbrandt* that, even when subject-matter jurisdiction might be proper, such as in the instant case, sufficient grounds may exist to warrant a court's abstention from the exercise of jurisdiction in cases involving elements of a domestic relationship. *See id.* at 704. Additionally, the allegations here are not of the sort which arguably supported a viable federal claim in *Brokaw v. Mercer County,* 235 F.3d 1000, 1015 (7th Cir. 2000).

*Younger* abstention thus dictates the dismissal of the claims seeking injunctive relief. Additional principles important to the resolution of the pending motion are that: 1) judicial immunity from damages and from other relief is overcome only for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity, and for actions, though judicial in nature, are taken in the complete absence of all jurisdiction," *Mireles v. Waco,* 502 U.S. 9, 11 (1991); 2) a municipality is a "person" subject to suit pursuant to 42 U.S.C. § 1983, but only if a municipal policy caused the constitutional violation, *Monell v. Dep't of Soc. Servs. of N.Y.,* 436 U.S. 658, 690 (1978); and 3) the lower federal courts are courts of limited jurisdiction, possessing only the jurisdiction conferred on them by Congress. *South Carolina v. Katzenbach,* 383 U.S. 301 (1966).

Brown seeks compensatory and punitive damages, as well as injunctive relief. When a court abstains under *Younger,* it must stay, rather than dismiss, § 1983 claims for money damages that cannot be redressed in the state proceeding; otherwise, the plaintiff's claims may be time-barred by the time the state case is resolved. *Deakins v. Monaghan,* 484 U.S. 193, 202-03 (1988); *Majors v. Engelbrecht,* 149 F.3d 709, 714 (7th Cir. 1998). This is the rule, however, only if those claims for money damages are not subject to dismissal on independent grounds.

The claims associated with the placement of Brown's child in foster care or similar placement are beyond this court's jurisdiction, because those matters are ongoing in the state court. *Liedel v. Juvenile Court of Madison County, Alabama,* 891 F.2d 1542 (11th Cir. 1990); *Newstein v. Orbach,* 732 F. Supp. 333 (E.D.N.Y. 1990). The claims against the state court judges are barred by judicial immunity under the circumstances alleged. *Brokaw v. Mercer County,* 235 F.3d 1000, 1015 (7th Cir. 2000). The claim against the City of Indianapolis, which Brown suggests be dismissed without prejudice, must be dismissed with prejudice because no basis exists for municipal liability for any of the acts alleged by Brown. The claims against the State defendants are dismissed for the reasons argued in

5

their motion to dismiss, these reasons including judicial immunity as to the Justices of the Indiana Supreme Court, the barrier of the Eleventh Amendment as to claims for damages against the State defendants in their official capacities, abstention under *Younger,* and the absence of the deprivation of a federally secured right associated with the investigation of MCOFC employees Surbey and Strong, *Millspaugh v. County Dept. of Pub. Welfare of Wabash County,* 937 F.2d 1172, 1175 (7th Cir. 1991), and the absence of any misconduct attributed to Governor Daniels.

## Conclusion

As stated in *Neustein v. Orbach,* 732 F.Supp. 333, 339 (E.D.N.Y. 1990), "where constitutional claims arising out of a domestic relations dispute are frivolous the action must be dismissed because it is an abortive attempt to involve the federal courts in domestic relations matters best left to the states" (*citing Hernstadt v. Hernstadt,* 373 F.2d 316 (2d Cir. 1967)). That is the case here. State court proceedings associated with the CHINS proceeding are ongoing, implicate important state interests, and provided Brown an adequate opportunity to litigate his federal claims. Based on the foregoing, all motions filed by the plaintiff seeking an order from this court staying or otherwise reviewing or intervening in any order of the Marion Superior Court in the on-going prosecution in which the plaintiff is a defendant are **denied.** The motions seeking either dismissal of the action or judgment on the pleadings are **granted.**

Brown's motion for a temporary restraining order and a motion for a preliminary injunction, in which he challenges the terms of an injunction issued by the state court in which the CHINS proceeding is pending, must be **denied,** because the case is being dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 06/20/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana